AGNES COTE *vs.* ARSENE A. LETERNEAU.

Androscoggin.   Opinion December 20, 1905.

*Real Action.   Rents and Profits.*

1. The owner of land is not obliged to begin an action for its recovery as soon as he is aware of the defendant's occupation.

2. That the plaintiff in a real action was aware of the defendant's occupation of his land and made no objection until beginning his suit, does not bar his claim for rents and profits, they having been duly demanded in the action.

On motion by defendant.   Overruled.

Real action wherein the plaintiff demanded against the defendant the possession of certain real estate situate in Auburn, Maine.   The plaintiff also claimed rents and profits for the use of the demanded premises while in the possession of the defendant.   Plea, the general issue, nul disseizin, and also a brief statement of special matter of defense as follows:   "And the defendant says he has done nothing to in any way interfere with the rights of the plaintiff in and to the land, but may have trepassed technically upon her land, but that he has committed no damage thereby."   No disclaimer was filed by the defendant.

Tried at the January term, 1905, of the Supreme Judicial Court, Androscoggin County.   Verdict for plaintiff and damages assessed at $77.25.   Defendant then filed a general motion for a new trial.

The case appears in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING:   EMERY, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J.   The only question of law presented by this motion is whether upon the evidence the defendant was liable for rents and profits, they having been demanded in the declaration and assessed by the jury.   The demanded land was a strip five feet wide which

the plaintiff had annexed to a lot previously mortgaged. Her title to the lot mortgaged came through the mortgage to the defendant who supposed the five foot strip was included in the mortgage, and entered into occupation of it. He built a barn partially over it, but was allowed to remove it and did so. He pleaded the general issue, nul disseizin, to this real action but made no actual contest on the question of title, and does not object to the verdict on that question, but only on the question of rents and profits. There was uncontradicted evidence that the plaintiff was aware of his occupation, but did not demand any rent nor make any objection until she brought this action.

Upon this evidence we see no reason why the defendant is not liable for the rents and profits of the strip for the time he occupied it within six years before the date of the writ, assuming that the strip would have yielded rents and profits. He was in occupation claiming title and had thereby disseized the plaintiff. She was not bound to regain seizin at once by suit or by entry. When she did assert her title by this suit he did not disclaim, but pleaded nul disseizin. It turns out that she was entitled to the strip and hence to such rents and profits as it should have yielded during his occupation. It is only just that he should hand them over. The injury caused her by his disseizin is not fully compensated until that is done.

Of course there may be cases where a plaintiff in a real action may be estopped in equity, and even in law, from recovering rents and profits, such as the case of *Jewell* v. *Harding*, 72 Maine, 124, cited by defendant. In that case the defendant had a title good in equity derived directly from the plaintiff, a title which the plaintiff was bound and could be compelled to make good in law. He practically put the defendant in possession under this title. It was properly held that he could not recover rents and profits. In this case the plaintiff is not claiming any improvements made by the defendant with her knowledge. He was allowed to remove them. The estoppel upon her, if any, does not extend to rents and profits.

The defendant, besides the general issue, pleaded by way of brief statement that he had "done nothing in any way to interfere with the rights of the plaintiff in and to the land, but may have trespassed

technically upon her land, but that he has committed no damage thereby." This was not a disclaimer of the demanded land nor of any part of it. His plea of the general issue still stood as an admission of his possession and a denial of the plaintiff's title. The action was tried upon that issue. Recovery of rents and profits follow.

The defendant urges that the amount assessed by the jury for rents and profits was far too large. We must assume they were instructed to make the proper deductions and to award only "the clear annual value of the premises while he was in possession" after such deductions. Though the amount awarded seems large to us it is not so large as to convince us that the jury clearly erred. We think the motion must be overruled upon both questions.

*Motion overruled.    Judgment on the verdict.*